IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT
OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| MICHAEL R. BERKMAN | Case No. 09-17860-ELF |
| Debtor | |

**STIPULATION AND ORDER RESOLVING PARKE BANK'S MOTION
TO PROHIBIT DEBTOR'S USE OF CASH COLLATERAL**

Michael R. Berkman, (the "Debtor"), by and through his undersigned counsel, Weir & Partners LLP, and Parke Bank ("Parke Bank"), by and through its undersigned counsel, Lundy, Flitter, Beldecos & Berger, P.C., hereby enter into this stipulation (the "Stipulation") to resolve Parke Bank's Motion to Prohibit Debtor's Use of Cash Collateral (the "Motion") and to allow limited use of cash collateral by the Debtor as follows:

## BACKGROUND

1.  On October 15, 2009 ("Petition Date"), Debtor filed a Voluntary Petition under Chapter 11 of Title 11 of the United States Bankruptcy Code ("Code").

2.  This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334.

3.  The Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of this case is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

4.  No Creditors' Committee has been appointed in this Chapter 11 case by the United States Trustee.

5.  No Trustee or examiner has been appointed in the Debtor's Chapter 11 case.

6. The Debtor owns certain parcels of residential real property and rents those properties to certain third parties. The properties acquired by the Debtor were substantially renovated after purchase, rented and refinanced. The majority of the Debtor's properties are low-income single-family row houses located predominantly in West Philadelphia. While the Debtor has sold properties for short-term gain, most of the properties were purchased as long-term investments.

7. On or about March 16, 2007, Parke Bank extended a loan in the original principal amount of $150,000.00 to the Debtor (the "Loan"). The loan is secured by Debtor's real property located at 5613 Warrington Avenue, Philadelphia, Pennsylvania; 1540 S. 55th Street, Philadelphia, Pennsylvania; and 6014 Angora Terrace (collectively the "Properties").

8. On or about November 23, 2009, Parke Bank filed the Motion.

9. On or about December 14, 2009, the Debtor filed its Response to Parke Bank's Motion.

10. Parke Bank and the Debtor subsequently agreed to resolve their disputes as provided herein.

## AGREEMENT

11. Debtor having acknowledged and agreed that as of the Petition Date Debtor is indebted to the Bank in the principal amount of $142,323.16 together with accrued interest, fees and costs, which indebtedness is not subject to defense, offset or counterclaim of any kind or nature, that Parke Bank has, as of the Petition Date, a valid and subsisting first lien and security interest in the real property of the Debtor, listed above, said debt is an allowed, fully secured claim under sections 506 (a) and 502.

12. Debtor having reserved its rights to contest the extent of cash collateral existing on the Petition Date, it is hereby:

**STIPULATED**, that all rents actually collected from the tenants in the Properties, including all rents collected post-petition will be deposited into a segregated account to be opened at Republic First Bank, and it is further

**STIPULATED**, the Debtor will provide Parke Bank with an accounting of all rents collected post-petition; and it is further

**STIPULATED**, the Debtor will cease use of Parkside Management Company to collect rents and Parkside Management Company will no longer receive any payment or commissions for rent collection efforts. Instead the Debtor will file application to retain certain individuals to assist the Debtor with his administrative rent collection and accounting efforts and will seek to pay those individuals a reasonable compensation for their efforts, as set forth in the aforementioned Applications, and it is further

**STIPULATED**, the Debtor will make interest payments to Parke Bank at the contract rate set forth in the promissory notes secured by the mortgages of the Properties beginning on January 20, 2010 and on the 20th day of each month thereafter continuing through and including March, 2010. The Debtor will be permitted to use any excess cash (in addition to the interest payment) collected from the Properties for the payment of current taxes, if any, on the Properties, the pro rata insurance premiums due on the Properties with evidence that Parke Bank has been listed as a loss payee on the policies regarding the Properties and to pay reasonable compensation (as determined by the Court) to those individuals to be engaged for administrative rent collection efforts. Any sums collected in excess of such payments are to be deposited into the Debtor's debtor in possession account, and it is further

**STIPULATED**, the Debtor will file a Plan of Reorganization, and it is further

**STIPULATED**, that Parke Bank will agree not to charge any default rate of interest on its loans to the Debtor as long as the Debtor remains current under the terms of this Stipulation. However, if the Debtor defaults, and does not cure the default within five (5) days of written notice, then Parke Bank will be entitled to accrue default interest retroactively for the period controlled by this Stipulation, and it if further

**STIPULATED**, that nothing contained herein shall be deemed or construed to (a) limit the Bank to the relief granted herein: (b) bar the Bank from seeking other and further relief (including relief from this Order) for cause shown on appropriate notice to the Debtor and other parties-in-interest entitled to notice of the same: or (c) require the Bank to make any further loan or advance to the Debtor.

## ORDER

13.     After a hearing on this Motion, and based upon the agreement of Parke Bank, the Debtor and the United States Trustee, as memorialized in this Stipulation, it is hereby:

**ORDERED**, that this Stipulation is Approved; and it is further

**ORDERED**, that should any party in interest file a timely objection to this Stipulation on or before January 11, 2010, a further hearing shall be held on January 13, 2010 at 11:00 a.m.; and it is further

**ORDERED**, that a further hearing on the Motion and this Stipulation shall be held on March 24, 2010 at 11:00 a.m. before the Honorable Eric L. Frank, United States Bankruptcy Judge; and it is further

**ORDERED**, that written notice of the above hearing shall be given by the Debtor to Parke Bank and any other parties filing requests for notice pursuant to Federal Rule of Bankruptcy Procedure 2002 on or before December 29, 2009.

| | |
|---|---|
| Phillip D. Berger, Esquire | /s/ Jeffrey S. Cianciulli |
| Lundy, Flitter, Beldecos & Berger PC | Jeffrey S. Cianciulli, Esquire |
| 450 N. Narberth Avenue | Weir & Partners LLP |
| Narberth, PA  19072-2778 | 1339 Chestnut Street, Suite 500 |
| | Philadelphia, PA  19107 |
| *Counsel to Parke Bank* | *Counsel to Debtor* |

SO ORDERED AND APPROVED:

THE HONORABLE ERIC L. FRANK
UNITED STATES BANKRUPTCY JUDGE

Dated: