**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| IN RE: | MICHAEL R. BERKMAN | : | Chapter 11 |
| | | : | |
| | | : | |
| | Debtor | : | Bky. No. 09-17860 ELF |
| | | : | |

# O R D E R

**AND NOW**, the Debtor having commenced this bankruptcy case by filing a voluntary petition under chapter 11 of the Bankruptcy Code on October 15, 2009;

\* \* \* \*

**AND**, prior to the commencement of the case, the Debtor having entered into a listing agreement with Berkman Realty, Inc. ("Berkman Realty") pursuant to which Berkman Realty was to act as the Debtor's real estate broker for sale of 6160 Catherine Street, Philadelphia, PA and 1408 N. 55th Street, Philadelphia, PA (collectively "the 2 Properties");

**AND**, on October 27, 2009, after the commencement of this chapter 11 case, the Debtor having filed an Application to Employ Berkman Realty as his real estate broker (Doc. # 21);

**AND**, the Debtor being a director, officer or person in control of Berkman Realty, making Berkman Realty an insider, see 11 U.S.C. §101(31) and not disinterested, see 11 U.S.C. §101(14);

**AND**, objections to the Debtor's Application to Employ Berkman Realty having been filed by the Acting United States Trustee ("UST") (Doc. #22), Gelt Financial Corporation (Doc. # 44) and Public Savings Bank (Doc. # 45);

**AND**, the Debtor having withdrawn the Application to Employ Berkman Realty on November 18, 2009;

**AND**, at all relevant times hereto, Anita Dupre being a licensed real estate salesperson associated with Berkman Realty;

* * * *

**AND**, on October 23, 2009, the Debtor having filed a Motion for Authority to Sell Real Property, specifically, the 2 Properties ("the Motion to Sell") (Doc. # 14);

**AND**, by order dated October 30, 2009 ("the Sale Order"), the court having granted Motion to Sell (Doc. # 32);

**AND**, the Sale Order providing: "All contemplated or proposed broker or agent commissions shall be escrowed pending further order of this Court in a separate escrow account with liens, if any, to attach to proceeds";

**AND**, the closings on the sale of the 2 Properties having occurred on November 5 and 6, 2009 with brokers' commissions having been placed in escrow;

* * * *

**AND**, on January 7, 2010, the Debtor having filed a Motion For Entry of an Order Authorizing Release of Escrowed Real Estate Broker Commissions ("the Motion") (Doc. # 84), requesting that the escrowed funds be released and paid as follows:

**1408 N. 55th Street**
$2,625.00 to Zip Realty, Inc. (buyer's broker)
$1,312.50 to Anita Dupre (Debtor-seller's broker)

**6160 Catherine Street**
$3,210.00 to C21 Advantage Gold - South Phila (buyer's broker)
$  657.29 to Anita Dupre (Debtor-seller's broker)

**AND**, the UST having filed an objection to the Motion insofar as the Debtor proposed to pay compensation to Anita Dupre ("Ms. Dupre") (Doc. # 86);[1]

**AND**, after an evidentiary hearing held on February 17, 2010;

* * * *

**AND**, contrary to the representation in the Motion, Ms. Dupre being a licensed real estate salesperson and not a licensed real estate broker;

**AND**, Ms. Dupre not having been retained as the Debtor' real estate broker in this bankruptcy case prior to the sale of the 2 Properties;

**AND**, 11 U.S.C. §330 authorizing the payment of compensation from the bankruptcy estate to "a professional person employed under" 11 U.S.C. §327;

**AND**, through the Motion, Ms. Dupre seeking appointment as a professional <u>nunc pro tunc</u>, to provide a basis for the allowance of compensation under §327;

---

1. No objection was filed by any party in interest or by the UST to the proposed compensation of the buyer's broker.  That aspect of the Motion was addressed by this court's order dated February 19, 2010. (Doc. # 134).

**AND**, nunc pro tunc approval of the retention of a professional being controlled by the Court of Appeals' decision in F/S Airlease II, Inc. v. Simon, 844 F.2d 99, 105 (3d Cir. 1988), in which the court stated:

> first, the bankruptcy court must find, after a hearing, that the applicant satisfies the disinterestedness requirements of section 327(a) and would therefore have been appointed initially; and, second, the court must, in the exercise of its discretion, determine that the particular circumstances presented are so extraordinary as to warrant retroactive approval;[2]

(emphasis added).

**AND**, the court concluding that Ms. Dupre cannot satisfy the first prong of the F/S Airlease test for nunc pro tunc retention by bankruptcy estate and therefore, cannot be appointed nunc pro tunc;[3]

---

2. The court also identified certain factors for the bankruptcy court to consider in determining whether the "extraordinary circumstances" standard has been satisfied:

   1. whether the applicant or some other person bore responsibility for applying for approval;

   2. whether the applicant was under time pressure to begin service without approval;

   3. the amount of delay after the applicant learned that initial approval had not been granted;

   4. the extent to which compensation to the applicant will prejudice innocent third parties; and other relevant factors.

844 F.2d at 106.

3.   In F/S Airlease, the court stated that nunc pro tunc retention can be approved only if a timely application would have been approved. I conclude that Ms. Dupre could not have been retained by the Debtor, even if a timely application to retain her had been filed.

Pennsylvania law, through the Pennsylvania Real Estate Licensing and Registration Act, draws a sharp distinction between a real estate broker and real estate salesperson. See 63 Pa. Cons. Stat. Ann.

(continued...)

**AND**, without her retention by the bankruptcy estate, there being no statutory authority under 11 U.S.C. §330 for release of the escrowed funds to Ms. Dupre to compensate her for the professional services she rendered in this case;

---

3. (...continued)

§455.201 (West 2010) ("broker" defined as person who, "for a fee," <u>inter alia</u>, aids a person in obtaining real estate for purchase or negotiating a sale; "salesperson" defined as <u>person employed by licensed broker</u> to, <u>inter alia</u>, list real estate for sale or negotiate the purchase or sale of real estate for or on behalf of such real estate broker).  It is unlawful for any person to act as a broker without being licensed as one. 63 Pa. Cons. Stat. Ann. §455.301.  A licensed broker or salesperson may not provide real estate services for a fee absent "a written agreement <u>between the broker and the consumer</u> [of such services]" and may not recover a fee or commission "in the absence of such a signed agreement."  63 Pa. Cons. Stat. Ann. §455.606a(b)(1) (emphasis added); <u>see</u> <u>also</u> <u>Eill v. Tegler</u>, 722 A.2d 200, 202 (Pa. Super. Ct. 1998) ("[T]he statute and the relevant case law prohibit a salesperson from suing a third party for unpaid commissions. Only the licensed broker may maintain such an action.").

The thrust of various other provisions of the Pennsylvania Real Estate Licensing and Registration Act also makes it clear that a licensed real estate salesperson acts only under the aegis of a licensed broker.  <u>See, e.g.</u>, 63 Pa. Cons. Stat. Ann. §455.603 (no sales person may be employed by any broker other than the broker designated on his license and must notify the Real Estate Commission within ten (10) days after any change in employment); 63 Pa. Cons. Stat. Ann. §455.604(a)(16) (prohibiting broker from "failing to exercise adequate supervision over the activities of his licensed salespersons"); 63 Pa. Cons. Stat. Ann. §455.608b (establishing as a mandatory provision of a sales contract that the broker disclose the capacity in which the broker is engaged in the transaction); 63 Pa. Cons. Stat. Ann. § 608e(c) (requiring salesperson to deliver all deposits received to his or her employing broker).

Based on the statutory provisions cited above, I conclude that Pennsylvania law prohibits the Debtor from employing Ms. Dupre directly as a professional to assist him in the sale of his real estate. Thus, the request for appointment <u>nunc pro tunc</u> must fail.

\* \* \* \*

It is therefore **ORDERED** that the Debtor's Motion For Entry of an Order Authorizing Release of Escrowed Real Estate Broker Commissions is **DENIED** insofar as the Motion requests release of the escrowed, bankruptcy estate funds to compensate Anita Dupre.[4]

**Date:  March 10, 2010**

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

---

4.    The record reflects that Ms. Dupre expended considerable effort in shepherding the 2 Properties to closing. Her work included preparing documents, arranging for inspections and appraisals, and attending to all of the closing details. I am aware that the result here – the denial of compensation to Ms. Dupre – may be perceived as harsh. However, in my view, the requirements of the statute are clear and must be enforced by the court.